The question for the decision of this court was, whether the writ of error, so obtained, would stay the execution upon the judgment, the party having once before had the proceedings before the court of appeals by way of appeal, and having by his own act dismissed the appeal.

MAY 1804.

Whetcroft
vs.
Dorsey

*Shaaff*, for the plaintiff. If an execution is to be stayed in this case, no person can ever get the effect of his judgment, as the defendant might dismiss his appeal or writ of error *ad infinitum.* The authorities all show, that if the party has had every opportunity of the benefit of appeal or *supersedeas,* he shall not, by his own act, advantage himself by dismissing his appeal. The case of *Buller vs. Lusitano de Pinna,* 2 *Stra.* 880, is in point. It was a writ of error by a *feme sole,* which abated by her marriage, and a second writ was brought by her, and her husband. The court permitted the opposite party to take out execution; for it was the act of the plaintiff in error that occasioned the first writ of error to abate. If a writ of error abates in parliament, a second writ of error in the same court is no *supersedeas. Duncomb's* case, 1 *Mod.* 28 5. See 1 *Vent.* 100. *Bernad.* 403.

*Martin,* (Attorney-General,) and *Ridgely,* for the defendants, declined saying any thing.

CHASE, Ch. J. The court are of opinion, that the writ of error obtained for the removal of the proceedings in this case to the court of appeals, is no *supersedeas.* The plaintiff may therefore have his execution notwithstanding the writ of error.

MOTION GRANTED.

# GENERAL COURT, MAY TERM, 1804.

## GIBSON VS. FLEMING.

APPEAL from the Frederick county court. It was an action of *assault and battery,* brought by the pre-

Where in an action of *assault and battery,* the defendant pleads *son* laid in the declaration, and this, whether the defendant gives evidence in support of his plea or not.

assault demesne, the plaintiff can give no evidence of an assault except on the day

sent appellant against the appellee. *Son assault de-mesne* was pleaded, to which the general issue was re-plied. The *bill of exceptions* taken at the trial below states, that the defendant opened the case, but offered no testimony to support his plea. That the plaintiff proved an assault within one year before the issuing of the writ, but did not prove an assault on the *pre-cise day* laid in the declaration; and the plaintiff pray-ed the direction of the court to the jury, that as the defendant had not offered to prove any assault com-mitted on him by the plaintiff, at any time before the action brought, that the plaintiff was not confined to give evidence of an assault on the day laid in the de-claration. But that, if the jury believed from the evidence that an assault was committed on the plain-tiff by the defendant, at any time within one year be-fore the issuing of the writ, that they must find for the plaintiff. But the county court refused to give the direction; but were of opinion, and so directed the ju-ry, that no evidence could be given by the plaintiff of any assault committed upon him by the defendant, upon any day except that mentioned in the declaration. The plaintiff excepted, and the verdict and judgment being against him, he appealed to this court.

*Shaaff*, for the Appellee. The point in this case was decided in this court in the case of *Miller vs. M'Kee*, 3 *Harr. & M'Hen.* 593.

*Nelson*, contra. In *Miller vs. M'Kee*, evidence was offered by the defendant to support his plea of *son as-sault demesne*, but in the present case no evidence whatever was offered of any assault by the plaintiff on the defendant.

THE GENERAL COURT affirmed the judgment of the County Court.